WESLEY CAMPBELL v. THE STATE.

No. 7877.   Decided November 7, 1923.

Rehearing denied January 23, 1924.

1.—Manufacturing Intoxicating Liquor—Requested Charges—Theory of Defense.

Where, upon trial of unlawfully manufacturing intoxicating liquor, appellant claimed that he had taken no part in the transaction except that he had endeavored to disuade others from committing the offense, and the court instructed the jury that the mere presence of the defendant at the time and place of the commission of the offense would not make him a principal, there was no error in refusing requested charges presenting appellant's defensive theory.

2.—Same—Rehearing—Practice on Appeal.

Where the appellant's theory of the case, as stated in his requested charges, did not add to or more forcibly present the issue than the language in the Court's main charge, the requested charges were correctly refused.

Appeal from the District Court of Titus.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. A. Ward* and *B. B. Sturgeon,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

A still was observed in operation by the State's witness who came upon it accidentally and found the appellant and others present. According to the State's theory, appellant was taking part in the manufacture of whisky which was in progress.

Appellant testified, conceding his presence, but asserted that he was taking no part and had no interest in the transaction, except that he had endeavored to dissuade his brother and others from committing the offense.

The only rulings complained of are those touching the refusal of certain special charges.   Each of these were designed to present in an affirmative manner appellant's defensive theory, namely, that his

mere presence would not justify a conviction, and that he took no part in the commission of the offense and gave no encouragement to those who were making the whisky.

The law of principals was submitted to the jury in a paragraph of the charge which elicited no complaint from the appellant and in which no departure from the approved precedents has been observed. In connection with it, the following paragraph was embraced in the main charge:

"You are further instructed that the mere presence of a person at the time and place of the commission of an offense would not make him a principal and if you believe, or have a reasonable doubt as to such fact, that the defendant went to the still; but did not aid or encourage by acts or word the making of whisky, if whisky was made, you cannot convict him."

We are unable to conclude that any further instruction was required to inform the jury of the applicable law and to protect the rights of the appellant.

The record revealing no error, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 23, 1924.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that the charge of the court did not affirmatively present the theory of his defense. In our original opinion we quoted from the main charge in an effort to show that the charge as a whole did present the defendant's theory. The pith of that theory was that though the accused was admittedly present at the still which was in operation when discovered and visited by the State witness, that he took no part in the illicit manufacture of liquor either by acts or words and was, therefore, not guilty. We have again reviewed the special charges asked by appellant and are unable to conclude that they present more forcibly the affirmative defensive theory than does that part of the main charge quoted in our original opinion. They are too long to set out in full but the gist of each of said special charges is the same as that contained in the paragraph of the court's charge quoted. The appellant's theory of the case, as stated above, is not added to nor more forcibly presented by incorporating in a charge presenting it the additional statements which are to be found in the special charges mentioned.

Being unable to agree with either of the contentions made in the motion, same will be overruled.

*Overruled.*